**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEVON LAURY,

Plaintiff

v.

JAMES DZURENDA, et al.,

Defendants

Case No.: 2:26-cv-02364-APG-DJA

**Order Granting Motion for Preliminary Injunction**

[ECF Nos. 3, 4]

Devon Laury filed emergency motions for a temporary restraining order and preliminary injunction. ECF Nos. 3, 4. I conducted a hearing on the motions on August 7, 2026. For the reasons I put on the record at that hearing, I grant the motion for preliminary injunction and deny as moot the motion for a temporary restraining order.

Laury has shown serious questions on the merits of his claim that the defendants have been deliberately indifferent to his cancer diagnosis and need for immediate treatment. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). If he is not afforded treatment soon he will die, which constitutes irreparable harm. The balance of hardships tips sharply in his favor because he needs chemotherapy and other medical intervention immediately to stay alive, while the cost and burden to the defendants is not nearly as great. Finally, the public interest favors providing life-saving treatment, even to an inmate. Thus, I will enter a narrow injunction to require that Laury receive the appropriate medical care in the near term. 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.").

/ / / /

I THEREFORE ORDER as follows:

1. The defendants have agreed to arrange for Hope Cancer Center to provide Laury at least six chemotherapy treatments. The first treatment will occur within the next 10 days and the second will occur within the next 30 days. The remaining four treatments will be scheduled with Hope. The defendants represented that all internal administrative approvals have been obtained for these six treatments.
2. The defendants will use their best efforts to ensure that transportation and custody staff are available to escort Laury to these treatments. If an appointment is missed, the defendants will use their best efforts to immediately reschedule that appointment on Hope's next available date.
3. The defendants will use their best efforts to arrange all necessary specialists and other medical providers to ensure all recommended follow up and treatment plans are followed, including pain management.
4. The defendants must expedite any additional administrative approvals that are needed to comply with all recommended follow up and treatment plans.
5. If Laury is transferred to another Nevada Department of Corrections facility, the defendants will ensure this order is complied with there.
6. The defendants have not waived any defenses to or arguments against the pending motions and complaint.
7. I will conduct a status conference on November 12, 2026 at 9:30 a.m.

/ / / /

/ / / /

/ / / /

8. The defendants need not respond to the pending motions or the complaint until the November 12 status conference.

DATED this 8th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE